FILED
BILLINGS DIV.

2008 SEP 5 AM 10 48

PATRICK E. DUFFY, CLERK

BY _____

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

|  |  |  |
|---|---|---|
| JAIME MORENO, | ) | Cause No. CR 99-48-BLG-JDS-02 |
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) | **O R D E R** |
| JACK D. SHANSTROM, JEFF | ) | * * * * * * * |
| THOMAS, HARLEY LAPPIN | ) |  |
|  | ) |  |
| Respondents | ) |  |

Presently before the Court is the Petitioner's Petition for Writ of Habeas Corpus. The Court acknowledges that Petitioner has listed the undersigned as a Respondent, but there are no claims against the undersigned in the petition. The sole claim in the Petition is that pursuant to the Judiciary Act of February 5, 1867 this Court was without subject matter jurisdiction over the criminal action in United States of America v. Jaime Moreno, Criminal Case No. 99-48-BLG-JDS. Accordingly, the Court finds there is no conflict of interest in ruling on the habeas motion.

Regardless of the title of the writ or statutory cite used by Petitioner, the writ is a post-conviction writ of habeas corpus. To the extent that the Petition could be deemed a petition for habeas relief pursuant to 28 U.S.C. § 2241, the Court lacks jurisdiction to hear such motion. Petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court. *See e.g.*, Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir.2000).

1

Since Petitioner is incarcerated in Arizona and not Montana, this Court is not the custodial court. Moreover Petitioner's claims in the petition do not challenge the manner, location, or condition of execution of petitioner's sentence.

The Court finds the habeas action is a 28 U.S.C. § 2255 motion. A § 2255 motion is a motion by a prisoner in federal custody claiming the right to be released "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. A prisoner may move the court which imposed the sentence to vacate, set aside or correct the sentence. Id. A federal prisoner authorized to seek relief under § 2255 may not petition for habeas corpus relief pursuant to another section or statute "if it appears the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The Ninth Circuit has not defined when a motion is inadequate or ineffective, but has stated that finding a motion inadequate or ineffective is a narrow exception. United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (district court's delay in considering a section 2255 motion until direct appeals are resolved does not make the section 2255 motion inadequate or ineffective). See Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir.2000) (stating general rule that the unavailability of a second or successive petition does not itself make section 2255 inadequate or ineffective). In this case, Petitioner cites the Judiciary Act of February 5, 1897 for his authority to circumvent the § 2255 process. The Court finds such circumvention is not allowed under the current statutory scheme where Petitioner has failed to establish that § 2255 relief is inadequate. Therefore, the Court will proceed with an analysis pursuant to 28 U.S.C. § 2255.

Moreover, Petitioner's conviction became final on November 27, 2002, when the Ninth Circuit Court of Appeals affirmed his conviction on direct review. Subsequent to that, the Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2255 that was denied. *(See Docs. # 341, 407)*.Consequently, the Court shall construe the Petitioner's present motion as a second successive § 2255 Petition.

28 U.S.C. § 2255(h) in turn requires that a second or successive habeas application be certified by a panel of the appropriate court of appeals to satisfy at least one of two conditions before it may be filed in the district court-specifically, that it is based on:

(1)     newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)     a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. § 2255(h). U.S. v. Lopez, 534 F.3d 1027, 1033 (2008).

Here, Petitioner has met neither condition nor has he sought certification to file a second § 2255 Petition. As such, this Court has no jurisdiction to review the Petitioner's Motion.

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Writ of Habeas Corpus *(Doc. # 436)* is DENIED.

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 5th day of September, 2008.

_____

JACK D. SHANSTROM
SENIOR UNITED STATES DISTRICT JUDGE

3