

FILED

MAR 0 7 2018

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>JAIME MORENO,<br><br>Defendant/Movant. | Cause No. CR 99-48-BLG-SPW<br>CV 18-47-BLG-SPW<br><br>ORDER RECHARACTERIZING AND DISMISSING MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On March 5, 2018, Defendant Jaime Moreno moved the Court to reduce his sentence under 18 U.S.C. § 924(c) in light of *Dean v. United States*, __ U.S. __, 137 S. Ct. 1170, 1178 (2017). He captions his submission a petition under 28 U.S.C. § 2241(c)(3) or a motion under Federal Rule of Civil Procedure 60.

## I. Background

Moreno is currently serving a sentence of 270 months, consisting of 210 months for a drug trafficking crime and a consecutive term of 60 months for using or carrying a firearm in violation of § 924(c). Moreno's § 924(c) conviction rests on a *Pinkerton* theory. *Dean* holds that a sentencing court may take into account the 60-month term under § 924(c) when determining the sentence for any other count of conviction. If *Dean* applies in Moreno's case, the 210-month term could be reduced if the Court believed the total sentence of 270 months was "'greater

1

than necessary' to accomplish [the] sentencing goals" of 18 U.S.C. § 3553(a)(2). *United States v. Crowe*, 563 F.3d 969, 977 n.16 (9th Cir. 2009). Moreno is scheduled to leave prison and begin a five-year term of supervised release on October 16, 2019.

Moreno's conviction and sentence became final on March 27, 2003,[1] when the mandatory guidelines regime was still in place. In December 2003, he timely filed a motion under 28 U.S.C. § 2255. After the Supreme Court issued its decision in *United States v. Booker*, 543 U.S. 220 (2005), Moreno added a claim that "the district court, under *Booker*, has the discreation [sic] to impose a lower sentence." Mot. for Remand (Doc. 405 at 2); *see also* Mem. (Doc. 405 at 5). He cited *United States v. Ameline*, 409 F.3d 1073, 1074-75 (9th Cir. 2005) (en banc). The claim may have been late, but it was not denied on that basis; it was denied because *Booker* did not apply to defendants whose convictions became final before *Blakely v. Washington*, 542 U.S. 296 (2004), and *Booker* were decided. *See* Order (Doc. 407) at 2-3. Moreno appealed, and the Court of Appeals denied a certificate of appealability. *See* Order (Doc. 423).

---

[1] The amended judgment reducing his sentence under 18 U.S.C. § 3582(c)(2) is not a "new, intervening judgment" allowing Moreno to file a new § 2255 motion. *See Sherrod v. United States*, 858 F.3d 1240, 1242 (9th Cir. 2017); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (explaining when conviction becomes final).

2

## II. Analysis

Realizing he is not authorized to file a second motion under 28 U.S.C. § 2255, *see* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A), Moreno asks the Court to accept submission of a habeas corpus petition under 28 U.S.C. § 2241 or a Rule 60 motion under the Federal Rules of Civil Procedure. He also contends that he is "actually innocent" of using or carrying a firearm under 18 U.S.C. § 924(c).

### A. Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241(c)(3)

Generally, a federal prisoner seeking to challenge his conviction or sentence must proceed under 28 U.S.C. § 2255. But a federal prisoner may instead file a habeas petition under § 2241 if he can show both that he is actually innocent and that he "has not had an unobstructed procedural shot at presenting" his claim. *See Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).

The Court does not question Moreno's assertion that he personally did not use or carry a firearm. But that does not mean he is "actually innocent." He was convicted on a *Pinkerton* theory. To show actual innocence, he would have to show it is more likely than not that no reasonable juror would have found him guilty of conspiring with co-defendant Garibay-Lara to distribute methamphetamine or, at least, that no reasonable juror would have found he could reasonably foresee Garibay-Lara's using or carrying a firearm. He does not point to any new evidence on these issues, and the Court of Appeals decided the

3

evidence was sufficient to support his conviction. *See United States v. Florez*, 52 Fed. Appx. 23, 26-27, No. 01-30012 (9th Cir. Nov. 27, 2002) (unpublished mem. disp.). That is the law of the case, and this Court cannot undo it. *See United States v. Jingles*, 702 F.3d 494, 499-500 (9th Cir. 2012).

Further, with his first § 2255 motion, Moreno took a shot at relief under § 2255, and his motion was not obstructed on procedural grounds. As a matter of statutory interpretation, *Dean* is a logical consequence of *Booker* and 18 U.S.C. § 3553(a). There is no reason Moreno could not have presented in his first § 2255 motion essentially the same claim he makes now.

Moreno cannot meet either requirement for proceeding under 28 U.S.C. § 2241. He is not actually innocent, and he has already had an unobstructed procedural shot at presenting his current claim.

### B. Motion under Fed. R. Civ. P. 60

A motion under Rule 60 of the Federal Rules of Civil Procedure would allow Moreno to reopen, not the criminal judgment setting his sentence, but the judgment denying his initial motion under 28 U.S.C. § 2255. But, to obtain relief under Rule 60, Moreno must show "some defect in the integrity of the . . . proceedings" on his initial § 2255 motion. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *see also United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (per curiam).

4

Moreno does not identify anything of that nature. *See, e.g., Hall v. Haws*, 861 F.3d 977, 985-86 (9th Cir. 2017) (holding relief appropriate under Rule 60 where first habeas action was not decided on the merits and petitioner reasonably believed he had filed a new petition with co-defendant). To the extent a claim under *Dean* is essentially a claim under *Booker*, Moreno "asks for a second chance to have the merits determined favorably" to him. But that is prohibited. *See Gonzalez*, 545 U.S. at 532 n.5. Or, to the extent a claim under *Dean* is a new claim different from *Booker*, Moreno is seeking to reopen his initial § 2255 motion to add a new claim. That, too, is a prohibited attempt to "circumvent[] AEDPA's requirement that a new claim be dismissed unless it relied on either a new rule of constitutional law or newly discovered facts." *Id.* at 531 (referring to the Anti-Terrorism and Effective Death Penalty Act, Pub. L. No. 104-132, tit. I, §§ 105, 106 (Apr. 24, 1996)).

Here, a Rule 60 motion could only be an unauthorized second § 2255 motion in disguise. *See United States v. Washington*, 653 F.3d 1057, 1064 (9th Cir. 2011). Moreno cannot proceed under Rule 60 either.

### C. Conclusion

No path forward is available to Moreno in this Court at this time. This Court has no jurisdiction to entertain what is, in substance, an unauthorized second motion under 28 U.S.C. § 2255. *See Burton v. Stewart*, 549 U.S. 147, 149 (2007)

(per curiam).

### III. Certificate of Appealability

A certificate of appealability is denied. Moreno has not made a showing that he was deprived of a constitutional right. See 28 U.S.C. § 2253(c)(2).

### IV. Transfer to Court of Appeals

Although this Court lacks jurisdiction, the Court of Appeals would have jurisdiction to entertain an application for leave to file a second or successive motion under 28 U.S.C. § 2255. But transfer to cure want of jurisdiction should be ordered only "if it is in the interest of justice." 28 U.S.C. § 1631. Here, it is not. Moreno cannot meet the stringent requirements of 28 U.S.C. § 2255(h). *Dean* is not a new rule of constitutional law, much less one the Supreme Court has made retroactively applicable to collateral attacks. And, as explained, Moreno has not presented new evidence that he is actually innocent of violating 18 U.S.C. § 924(c) on a *Pinkerton* theory.

Accordingly, IT IS HEREBY ORDERED:

1. Moreno's submission (Doc. 491) is RECHARACTERIZED as a second motion under 28 U.S.C. § 2255 and DISMISSED for lack of jurisdiction.

2. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Moreno files a Notice of Appeal.

3. The clerk shall ensure that all pending motions in this case and in CV 18-

47-BLG-SPW are terminated and shall close the civil file by entering a judgment of dismissal.

DATED this 7th day of March, 2018.

*Susan P. Watters*
Susan P. Watters
United States District Court